

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAIL HADI,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of U.S. Department of Homeland Security, et al,<br><br>                                    Respondents. | Case No.:  26-cv-255-RSH-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 15, 2026, petitioner Ismail Hadi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on July 14, 2025, and is detained at the Imperial Regional Detention Center in Calexico, California. ECF No. 1 at 2. Petitioner challenges the lawfulness of his continued detention. Respondents have filed a return. ECF No. 5. As set forth below, the Court grants the Petition.

## I.     BACKGROUND

Petitioner, a citizen of Somalia, entered the United States in 2006. ECF No. 1 at 2. Due to a subsequent criminal conviction, Petitioner was ordered removed on November 17, 2014. *Id.* at 3; ECF No. 5 at 1. Due to the inability of DHS to remove Petitioner to

26-cv-255-RSH-JLB

Somalia at that time, on June 18, 2015, he was released pursuant to an order of supervision. ECF No. 5 at 1.

On July 15, 2025, Petitioner was arrested and re-detained to execute his outstanding order of removal. ECF No. 1 at 2; ECF No. 5 at 1.

The Petition contends that (1) DHS failed to comply with its own regulations in revoking Petitioner's order of supervision, warranting Petitioner's release from immigration custody; (2) there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, such that his continued indefinite detention violates due process; and (3) DHS should be prohibited from removing Petitioner to a country other than Somalia, unless DHS provides Petitioner with adequate notice and an opportunity to be heard.

In their Return, Respondents advise that on December 17, 2025, the Somalian government issued a travel document for Petitioner, and that DHS has scheduled Petitioner's removal to Somalia for the first week of February. ECF No. 5 at 1.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Petitioner was ordered removed in 2014; was released on an order of supervision in 2015; and argues that

DHS failed to comply with applicable regulations in revoking that release in 2025. ECF No. 1 at 5 (citing 8 C.F.R. §§ 241.4(*l*), 241.13(i)).

Respondents, in candor, concede that DHS did not comply with the applicable regulations in revoking Petitioner's release. ECF No. 5 at 2. Respondents contend, however, that (1) this Court lacks subject matter jurisdiction to order Petitioner's release here, and (2) even if this Court had jurisdiction, Petitioner is required to and fails to show prejudice from the non-compliance. *Id.* at 2, 5.

Petitioner's jurisdictional argument is based on 8 U.S.C. § 1252(g). That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Supreme Court has interpreted the jurisdiction-stripping provision in Section 1252(g) provisions narrowly, limiting it to "three discrete actions": the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, [the Court] read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Respondents contend that in the circumstances of this case—where DHS has obtained a travel document for Petitioner, and has made flight plans to effectuate Petitioner's removal—"the Court cannot order immediate release because such an order would impinge on DHS's discretionary authority over when to execute a removal order—a discrete action over which this Court lacks jurisdiction." ECF No. 5 at 3. The Court disagrees. Here, Petitioner is seeking to review the legality of his detention, rather than

challenging the commencement of removal proceedings, the adjudication of his removal case, or the execution of his order of removal. Petitioner has not asked to enjoin his removal to Somalia, and the Court has not preliminarily restrained or enjoined that removal. Instead, Petitioner challenges the lawful authority under which he is presently detained. The fact that Respondents have now made travel plans for Petitioner does not divest the Court of authority to consider the lawfulness of Petitioner's detention, and Respondents have cited no case finding a lack of jurisdiction in these circumstances. In contrast, other courts have ordered a petitioner's release based on a failure of DHS to follow its regulations in revoking an order of supervision, even though the respondents had already secured travel documents for the petitioner's removal. *See, e.g.*, *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357 (S.D. Cal. Oct. 22, 2025); *Sphabmixay v. Noem*, No. 25-cv-2648-LL-VET, 2025 WL 3034071 (S.D. Cal. Oct. 30, 2025). Nor is the Court persuaded that an order of release in this case will in fact interfere with DHS's intended removal of Petitioner, whatever the precise date that Respondents had planned. The prompt issuance of this order permits Respondents to take all lawful steps to effectuate Petitioner's removal.

Respondents argue, in the alternative, that "[s]hould the Court decline to dismiss the claim as moot, it should be denied because Petitioner cannot show that the outcome of his case would have been different had ICE provided him with a written notice and interview concerning his revocation." ECF No. 5 at 5. But this Court has not been asked to re-adjudicate Petitioner's immigration case or to revisit the "outcome of his case," namely, the final order of removal. This Court is addressing the legality of Petitioner's present detention rather than reviewing the merits of his removal order.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA,

4

2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court reaches the same conclusion here.

In light of the disposition herein and the facts indicating the likelihood of Petitioner's removal to Somalia, the Court declines to issue further injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to release petitioner Ismail Hadi from custody *within one (1) day of the date of this Order*. This Order does not restrain or enjoin Respondents from taking any and all lawful steps to effectuate Petitioner's removal, including releasing Petitioner on an order of supervision containing appropriate terms—such as a condition requiring GPS monitoring, similar to that contained in Petitioner's prior order of supervision from 2015. *See* ECF No. 5-3 at 2.

Petitioner's application for a temporary restraining order [ECF No. 2] is **DENIED** as moot.

The hearing currently scheduled for February 5, 2026 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: January 28, 2026

_Robert S Huie_
_____
Hon. Robert S. Huie
United States District Judge

5

26-cv-255-RSH-JLB